Turley, J.
delivered the opinion of the court.
The first error assigned in this case is, that illegal evidence was heard by the court below, though objected to by the de *152 fendant. There were two daughters of the plaintiff examined as witnesses; one of them proved, that the defendant had proposed sexual intercourse with her sister, and upon being repulsed, said he would pull down the house if he were not gratified; the other, that he said, on another occasion, he would kill her. The defendant made a general objection to the reception of evidence of conversations between himself and the witnesses about sexual intercourse, which objection was overruled by the court, and we think correctly.
The daughters resided with their mother, in the house which was pulled down-by the defendant and others; and for doing which this suit is commenced. A portion of the testimony was clearly legal, viz, that of the threat to pull down the house, as evidence of a preconceived design and malicious intent, and ought not to have been rejected. The court was not asked to discriminate, but to reject without discrimination, which was properly refused. But we also think, that the testimony-proving a threat to kill, if not accommodated, is also legal proof in the case, and for the same purpose, to wit, to prove an evil design and wicked intent against those inhabiting the house. And though the suit is brought in the name of the mother, as the head of the household, yet the wicked intent, and malicious feelings of the defendant towards the daughter, is evidence to establish the' identity of the defendant as the person who committed the trespass; and, also, to aggravate the damages.
The second objection is, that the damages are excessive.
We do not think so; if they had been three times as much, they would not have been excessive, under the circumstances of the case.
Let the judgment be affirmed.